UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LAWRENCE CROSS,

        Plaintiff,

  -vs-                                                     3:10-cv-1179

TOYOTA MOTOR CORPORATION, TOYOTA
MOTOR SALES, U.S.A. INC., STATE FARM
INSURANCE COMPANY, and JOHN DOE,

        Defendants.

_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

Plaintiff commenced this action *pro se,* asserting that he was injured on October 2, 2007 "when a 2004 Toyota Camry Solara suddenly and unexpectedly accelerated striking plaintiff" causing him injuries. See Am. Compl. ¶ 11, dkt. # 5. Plaintiff's claims against Toyota Motor Corp. and Toyota Sales, U.S.A., Inc. have been severed from his claims against State Farm Mutual Automobile Insurance Company ("State Farm")[1] and transferred to the Central District of California by the United States Judicial Panel on Multidistrict Litigation. See 04/26/11 JPMDL Order, dkt. # 26.  State Farm moves to dismiss three of the five claims brought against it, as well as Plaintiff's demand for punitive

---

[1] State Farm asserts that it was incorrectly sued as "State Farm Insurance Company."

1

damages. Plaintiff has not opposed the motion and his time to do so has expired.

## II.     DISCUSSION

Plaintiff asserts five causes of action against State Farm set forth in counts six through ten of the Amended Complaint.  State Farm argues that the Sixth, Eighth and Tenth Causes of Action, as well as the demand for punitive damages, should be dismissed as a matter of law. The Court agrees.

### a.  Breach of Covenant of Good Faith and Fair Dealing

The Sixth Cause of action asserts, essentially, that Plaintiff submitted a claim to State Farm, that State Farm denied the claim, and that the denial of coverage constitutes a breach of the implied covenant of good faith and fair dealing.  This claim for the breach of the implied covenant of good faith and fair dealing must be dismissed because the covenant is implied in every contract and, therefore, the claim is duplicative of the breach of contract claim alleged in the Seventh Cause of Action.  R.I. Island House, LLC v. North Town Phase II Houses, Inc., 51 A.D.3d 890, 896 (2d Dep't 2008); Grazioli v. Encompass Ins. Co., 40 A.D.3d 696, 697 (3d Dep't 2007); see also Paterra v. Nationwide Mut. Fire Ins. Co., 38 A.D.3d 511, 512-513 (2d Dep't 2007)(claim predicated on alleged breach of implied duty of good faith is duplicative of breach of contract claim).

Moreover, an independent claim that an insurer breached the implied covenant of good faith and fair dealing cannot be sustained unless there is an underlying, independent tort sufficient to support a claim that the insurer engaged in egregious conduct directed to Plaintiff and which was part of a pattern directed to the public generally.  See New York Univ. v Continental Ins. Co., 87 N.Y.2d 308, 319-20 (1995); Fabrizio v. Erie Ins. Co., 2009

U.S. Dist. LEXIS 13344, at *12 (N.D.N.Y. 2009).  The Amended Complaint does not contain such a claim.  Accordingly, the Sixth Cause of Action is dismissed.

### b. Corporate Malfeasance-Tortious Interference

Plaintiff's Eighth Cause of Action, entitled "Corporate Malfeasance-Tortious Interference," alleges that State Farm's denial of coverage caused "interference with the scheduling and medical treatments prescribed by physicians treating the plaintiff," Am. Compl. ¶ 50, and that State Farm "intentionally interfered with the plaintiff's medical care." Id. ¶ 54.  To the extent that Plaintiff claims that State Farm's denial of coverage prevented or impaired Plaintiff's ability to secure appropriate medical treatment, such damages would fall within the scope of Plaintiff's breach of contract cause of action.

Moreover, a claim of tortious interference requires, among other things, proof of the existence of a valid contract between Plaintiff and a third party. Foster v. Churchill, 87 N.Y.2d 744, 749-750 (1996).  Plaintiff has not alleged that any contracts actually existed between he and his medical providers.  The Eighth Cause of Action simply alleges the type of damages that were purportedly caused by State Farm's alleged breach of contract, but does not state a separate cause of action against State Farm for "Corporate Malfeasance -Tortious Interference."  Accordingly, the Eighth Cause of Action is dismissed.

### c. Breach of Fiduciary Duty

Plaintiff's Tenth Cause of Action alleges that State Farm breached its fiduciary duty to Plaintiff.  Breach of a fiduciary relationship cannot be created solely by a contract, but rather must involve a duty separate and apart from the contractual relationship. Batas v.

3

Prudential Ins. Co. of Am., 281 A.D.2d 260, 264 (1st Dep't 2001); Heslin v. Metropolitan Life Ins. Co., 287 A.D.2d 113, 115 (3d Dep't 2001). Indeed, federal courts in New York have acknowledged "a long-standing rule in New York that an insurer owes no general fiduciary duty to the insured" absent a special relationship of trust and confidence between the parties. Employers Ins. Co. of Wausau v. Crouse-Cmty. Ctr., Inc., 489 F. Supp.2d 176, 180 (N.D.N.Y. 2007); see Geller v. Prudential Ins. Co. of Am., 237 F. Supp. 2d 210, 224 (E.D.N.Y. 2004)(noting that a fiduciary relationship between an insurer and an insured is the exception to the rule and requires proof that the insurer had a duty to act for or to give advice for the benefit of the insured). Plaintiff has not alleged a plausible basis for a breach of a fiduciary duty claim and, therefore, the Tenth Cause of Action is dismissed.

### d. Punitive Damages

Plaintiff seeks "exemplary/punitive" damages against State Farm. Under New York law, punitive damages are not recoverable unless such damages are "necessary to deter defendant and others like it from engaging in conduct that may be characterized as 'gross' and 'morally reprehensible,' and of 'such wanton dishonesty as to imply a criminal indifference to civil obligations.'" New York Univ., 87 N.Y.2d at 316. Thus, to recover punitive damages, the plaintiff must allege an "egregious tort directed at the public at large." Steinhardt Group, Inc. v. Citicorp, 272 A.D.2d 255, 257 (1st Dep't 2000); see International Plaza Assoc., L.P. v. Lacher, 63 AD3d 527, 528 (1st Dep't 2009 (Punitive damages are not recoverable in a breach of contract action in which no public rights are alleged to be involved.); Goldsmith Motors Corp. v. Chemical Bank, 41 A.D.3d 648, 649 (2d Dep't 2007) (no punitive damages where wrong complained of was essentially private, not public); Fulton v. Allstate Ins. Co., 14 A.D.3d 380, 381 (1st Dep't 2005)("Punitive

4

damages are not recoverable for an ordinary breach of contract as their purpose is not to remedy private wrongs but to vindicate public rights.").

Plaintiff's two remaining claims are for breach of contract and for a violation of New York's No Fault Law. Both concern State Farm's handling of Plaintiff's insurance claim, and there are no allegations concerning State Farm's conduct directed to the public at large. Accordingly, Plaintiff's claim for punitive damages is dismissed.

### III.    CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss [dkt. # 16] is **GRANTED** and the Sixth, Eighth, and Tenth Causes of Action, and Plaintiff's claim for punitive damages, are dismissed. Because Plaintiff is *pro se*, he is **GRANTED leave of twenty (20) days of the date of this Decision and Order to re-plead his dismissed claims and his demand for punitive damages against State Farm**. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). If Plaintiff elects to re-plead, he must file a second amended complaint which will supercede the amended complaint in its entirety. Thus, if Plaintiff elects to replead, *all claims* that Plaintiff intends to bring against State Farm must be stated in the second amended pleading. Failure to file a second amended complaint within twenty days will be deemed an abandonment of the leave granted herein and the case will proceed on the remaining claims in the amended complaint.

**IT IS SO ORDERED**

DATED: June 6, 2011

/s/ Thomas J. McAvoy
Thomas J. McAvoy
Senior, U.S. District Judge