**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LAWRENCE CROSS,**

                    **Plaintiff,**

          **-vs-**                                                          **3:10-CV-1179**

**STATE FARM INSURANCE COMPANY,**
***et al.,***

                    **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

## I.    INTRODUCTION

Plaintiff Lawrence Cross ("Plaintiff") commenced this action *pro se,* asserting claims

arising from an injury he suffered on October 2, 2007 "when a 2004 Toyota Camry Solara

suddenly and unexpectedly accelerated striking plaintiff." See 2nd Am. Compl. ¶ 11, dkt. #

36. Plaintiff's claims against Toyota Motor Corp. and Toyota Sales, U.S.A., Inc. have been

severed from his claims against State Farm Mutual Automobile Insurance Company

("State Farm")[1] and transferred to the Central District of California by the United States

Judicial Panel on Multidistrict Litigation. See 04/26/11 JPMDL Order, dkt. # 26.  In a June

7, 2011 Decision & Order, dkt. # 20,[2] the Court granted State Farm's motion to dismiss

_____

[1] State Farm asserts that it was incorrectly sued as "State Farm Insurance Company."

[2] Familiarity with this Decision & Order is presumed.

1

three of Plaintiff's five claims against it, as well as Plaintiff's demand for punitive damages. Id. In doing so, the Court granted Plaintiff leave to re-plead his claims against State Farm. Id.

Plaintiff thereafter filed a Second Amended Complaint in which he alleges, *inter alia,*[3] multiple causes of action against State Farm including his demand for punitive damages. See 2nd Am. Compl., dkt. # 36.  Presently before the Court is State Farm's motion to dismiss the majority of these claims and the demand for punitive damages. See Motion, dkt. # 44.  Plaintiff has opposed the motion and requests leave to amend his complaint a third time. See Opp., dkt. # 57.  State Farm has filed a reply to Plaintiff's opposition and has opposed Plaintiff's request to file a third amended complaint. See Reply, dkt. # 58.   For the reasons that follow, State Farm's motion is granted, and Plaintiff's request to file a third amended complaint is denied.

## II.    STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . .  a plaintiff's obligation to provide the 'grounds' of

---

[3] Plaintiff's claims against Toyota Motor Corp. and Toyota Sales, U.S.A., Inc. have been severed from this action and transferred to the Central District of California by the United States Judicial Panel on Multidistrict Litigation. See 04/26/11 JPMDL Order, dkt. # 26.  Consequently, those claims are not before this Court, and any amendment of those claims must be made before the United States Judicial Panel on Multidistrict Litigation assigned to Plaintiff's case. The Court does not address any portion of the Second Amended Complaint containing claims against Toyota Motor Corp. and Toyota Sales, U.S.A., Inc.

his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level. . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965. "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. at 1965 (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(quoting Twombly, 550 U.S. at 570). A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement." Ashcroft, 129 S. Ct. at 1949. Legal conclusions must be supported by factual allegations. Iqbal, at 1950. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. 557) (internal quotations omitted). Although a court must liberally construe the allegations in a complaint drafted by a *pro se* litigant, see e.g. Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997), a *pro se* litigant is not excused from these pleadings requirements. Liberality in interpreting the pleadings "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. . . . [O]nly a complaint that states a plausible

claim for relief survives a motion to dismiss." Iqbal, at 1950.

**III.    DISCUSSION**

**a.  Breach of Covenant of Good Faith and Fair Dealing**

Plaintiff alleges a breach of the covenant of good faith and fair dealing against

State Farm.  2nd Am. Compl. ¶¶ 34-38.  The allegations underlying this claim are

essentially the same as those alleged in the same claim in the Amended Complaint.  In

dismissing this claim previously, the Court wrote:

> [T]he [covenant of good faith and fair dealing] is implied in every contract
> and, therefore, the claim is duplicative of the breach of contract claim . . . .
> R.I. Island House, LLC v. North Town Phase II Houses, Inc., 51 A.D.3d 890,
> 896 (2d Dep't  2008); Grazioli v. Encompass Ins. Co., 40 A.D.3d 696, 697
> (3d Dep't  2007); see also Paterra v. Nationwide Mut. Fire Ins. Co., 38
> A.D.3d 511, 512-513 (2d Dep't  2007)(claim predicated on alleged breach of
> implied duty of good faith is duplicative of breach of contract claim).
>
> Moreover, an independent claim that an insurer breached the implied
> covenant of good faith and fair dealing cannot be sustained unless there is
> an underlying, independent tort sufficient to support a claim that the insurer
> engaged in egregious conduct directed to Plaintiff and which was part of a
> pattern directed to the public generally.  See New York Univ. v Continental
> Ins. Co., 87 N.Y.2d 308, 319-20 (1995); Fabrizio v. Erie Ins. Co., 2009 U.S.
> Dist. LEXIS 13344, at *12 (N.D.N.Y. 2009).

6/7/11 Dec. & Ord., pp. 2-3.

All of the allegations against State Farm in the Second Amended Complaint

concern State Farm's handling of the insurance policy under which Plaintiff claims benefit.

Plaintiff has not asserted specific conduct separate and apart from the handling of the

insurance policy, nor has he asserted plausible claims of egregious conduct directed to

Plaintiff and which was part of a pattern directed to the public generally.  Therefore, the

motion to dismiss the breach of the covenant of good faith and fair dealing claim, 2nd Am.

4

Compl. ¶¶ 34-38, is granted.  Plaintiff's challenge to State Farm's decision to deny

coverage can be litigated in the context of Plaintiff's breach of contract claim, 2nd Am.

Compl., ¶ 40, which is not challenged on this motion.

### b.  Punitive Damages

Plaintiff again seeks punitive damages as part of his breach of contract claim. <u>See</u>

2nd Am. Compl., ¶ 41.  He also presents an independent claim for punitive damages based

upon State Farm's "delays in handling, responding, paying, and conduct in general"

related to his policy claims. 2nd Am. Compl. ¶ 80; <u>see</u> <u>id.</u> ¶¶ 75-84.  As the Court explained

previously:

> Under New York law, punitive damages are not recoverable unless such
> damages are "necessary to deter defendant and others like it from engaging
> in conduct that may be characterized as 'gross' and 'morally reprehensible,'
> and of 'such wanton dishonesty as to imply a criminal indifference to civil
> obligations.'" <u>New York Univ.</u>, 87 N.Y.2d at 316.  Thus, to recover punitive
> damages, the plaintiff must allege an "egregious tort directed at the public at
> large." <u>Steinhardt Group, Inc. v. Citicorp</u>, 272 A.D.2d 255, 257 (1st Dep't
> 2000); <u>see</u> <u>International Plaza Assoc., L.P. v. Lacher</u>, 63 AD3d 527, 528 (1st
> Dep't  2009 (Punitive damages are not recoverable in a breach of contract
> action in which no public rights are alleged to be involved.); <u>Goldsmith
> Motors Corp. v. Chemical Bank</u>, 41 A.D.3d 648, 649 (2d Dep't  2007) (no
> punitive damages where wrong complained of was essentially private, not
> public); <u>Fulton v. Allstate Ins. Co.</u>, 14 A.D.3d 380, 381 (1st Dep't
> 2005)("Punitive damages are not recoverable for an ordinary breach of
> contract as their purpose is not to remedy private wrongs but to vindicate
> public rights.").

6/7/11 Dec. & Ord., pp. 4-5.

Plaintiff has not alleged facts supporting a plausible claim of wrongdoing directed at

the public at large.  Plaintiff's speculation and conclusions that others may have been

denied benefits in similar fashion to him is insufficient.  Accordingly, the demands for

punitive damages are dismissed.

### c.  Corporate Malfeasance-Tortious Interference

The allegations in paragraphs 42 through 44 appear to allege a claim of "corporate

malfeasance/tortious interference" similar to that alleged in the Amended Complaint.  In

dismissing this claim previously, the Court held:

> To the extent that Plaintiff claims that State Farm's denial of coverage
> prevented or impaired Plaintiff's ability to secure appropriate medical
> treatment, such damages would fall within the scope of Plaintiff's breach of
> contract cause of action.
>
> Moreover, a claim of tortious interference requires, among other things, proof
> of the existence of a valid contract between Plaintiff and a third party. Foster
> v. Churchill, 87 N.Y.2d 744, 749-750 (1996).  Plaintiff has not alleged that
> any contracts actually existed between he and his medical providers.  The
> Eighth Cause of Action simply alleges the type of damages that were
> purportedly caused by State Farm's alleged breach of contract, but does not
> state a separate cause of action against State Farm for "Corporate
> Malfeasance -Tortious Interference."

6/7/11 Dec. & Ord., p. 3.

Plaintiff has failed to cure the previous pleading deficiency in that he has failed to

allege the existence of any agreement between himself and any third-party.  Accordingly,

the corporate malfeasance/tortious interference claim alleged in paragraphs 42 through 44

is dismissed.

### d.  N.Y. Insurance Law § 2601

Next, Plaintiff asserts a claim pursuant to New York Insurance Law § 2601.  See 2nd

Am. Compl. ¶¶ 47-48.  The claim is dismissed because a private cause of action does not

exist under this statute. See New York Univ. v. Continental Ins. Co., 87 N.Y.2d 308, 317

(1995) (Insurance Law § 2601 does not give rise to private cause of action); Klinger v.

Allstate Ins. Co., 268 A.D.2d 562, 562 (2d Dep't 2000) (no private cause of action under

Insurance Law § 2601 or the regulations promulgated by the Insurance Department in accordance with the statute).

### e.  N.Y. General Business Law § 349

Plaintiff also alleges a violation of New York's General Business Law § 349.  See 2nd Am. Compl. ¶¶ 49-50.  General Business Law § 349 makes it unlawful to engage in any "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state."  An aggrieved party may bring a private action for a violation of this statute. See N.Y. Gen. Business L. § 349 (h); Stutman v. Chemical Bank, 95 N.Y.2d 24, 28-29 (2000).  However, to sustain such a claim, a plaintiff must demonstrate harm directed at consumers as a whole or the public at large. See Gaidon v. Guardian Life Ins. Co. of Am., 94 N.Y.2d 330, 343 (1999) (statute designed to address broad consumer-protection concerns); Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 25 (1995) (plaintiff must demonstrate that the acts or practices have a broader impact on consumers at large); Hart v. Allstate Ins. Co., 201 A.D.2d 621 (2d Dep't 1994) (complaints must affect the public interest); see also Cohen v. JP Morgan Chase & Co., 498 F.3d 111, 126 (2d Cir. 2007)(The elements of a claim under Section 349 are: "(1) the defendant's challenged acts or practices must have been directed at consumers, (2) the acts or practices must have been misleading in a material way, and (3) the plaintiff must have sustained injury as a result.").  "Private contract disputes, unique to the parties," do not "fall within the ambit of the statute." Oswego Laborers' Local 214 Pension Fund, 85 N.Y. 2d at 25; see also MaGee v. Paul Revere Life Ins. Co., 954 F. Supp. 582, 586 (E.D.N.Y.1997) ("[T]he injury must be to the public generally as distinguished from the plaintiff alone."); Graham v. Eagle Dist. Co.,

Inc., 224 A.D.2d 921 (4th Dept. 1996), appeal dismissed 88 N.Y.2d 962 (1996).

The allegations in the Second Amended Complaint concern the private contractual dispute between Plaintiff and State Farm, and the harm that Plaintiff purportedly suffered because of State Farm's denial of his insurance claim.  Although Plaintiff speculates that others have been treated in similar fashion, these allegations are insufficient to state a plausible General Business Law § 349 claim. See Shapiro v. Berkshire Life Ins. Co., 212 F.3d 121, 126 (2d Cir. 2000) (allegations concerning marketing of policy were insufficient to demonstrate consumer-oriented conduct on the part of insurer; private dispute concerning coverage under a particular policy is not consumer-oriented); O.K. Petroleum Distrib. Corp. v. Travelers Indem. Co., 2010 U.S. Dist. LEXIS 71465, *12-14 (S.D.N.Y. 2010)(unsupported and speculative allegations that insurer's practices are part of a systemic program aimed at policyholders generally and that they allegedly have an impact on consumers at large are insufficient to proceed with General Business Law § 349 claim); Azby Brokerage, Inc. v. Allstate Ins. Co., 681 F. Supp. 1084, 1089 (S.D.N.Y.1988) (finding acts pleaded in complaint against insurance company "not the types of transactions that fall within the scope of [GBL § 349]", because "consumers have not been harmed and the public interest has not been implicated").  Accordingly, the N.Y. General Business Law § 349 cause of action, 2nd Am. Compl. ¶¶ 49-50, is dismissed.

**f.  Fraud**

In paragraph 51, under the heading "Fraud/Misrepresentation of Business Records," Plaintiff asserts:

> Examination of the records will show where State Farm misrepresented and recorded claims which were false/misrepresented, which were filed on our records which had an effect on our credit rating for insurance from other

8

companies.

2nd Am. Compl. ¶ 51.

To the extent Plaintiff purports to assert a fraud claim, it fails to satisfy Rule 9(b)'s

requirements. See Fed. R. Civ. P. 9(b);[4] Mills v. Polar Molecular Corp., 12 F.3d 1170,

1175-76 (2d Cir. 1993).[5]  Moreover, "[t]o state a claim for fraud under New York law,

[Plaintiff] must demonstrate: (i) a representation of material fact; (ii) falsity; (iii) scienter; (iv)

reasonable reliance; and (v) injury. To plead fraudulent misrepresentation [Plaintiff] must

likewise allege that [it] reasonably relied on false representations made by Defendant[]."

Levin v. Gallery 63 Antiques Corp.,  2006 WL 2802008,  at * 6 (S.D.N.Y. Sept. 26,

2006)(citations omitted). Plaintiff has not alleged plausible facts demonstrating that he

relied on any fraudulent statement or misrepresentation from State Farm resulting in injury

or damage to him.  Still further, to the extent the claim is based on State Farm's failure to

abide by the terms of the insurance contract, the claim cannot stand independent of the

breach of contract claim. See Salvador v. Uncle Sam's Auctions & Realty, Inc., 307 A.D.2d

609, 611 (3d Dept. 2003)("It is well settled that a cause of action for fraud does not arise

where, as here, the fraud alleged relates to a breach of contract."); see also Factory

Associates & Exporters, Inc. v. Lehigh Safety Shoe Co. LLC, 2007 WL 1834599, at *7

(N.D.N.Y.  June 26, 2007)("no fraud claim exists because the claim is no different than

Plaintiff's breach of contract claims . . . and seeks the same damages").  Accordingly, the

---

[4]Rule 9(b) provides: "In alleging fraud . . ., a party must state with particularity the circumstances constituting fraud . . . .  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

[5](In order to meet Rule 9(b)'s burden, the complaint must: (1) specify the statements that plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.)

fraud/fraudulent misrepresentation claim, 2nd Am. Compl. ¶ 51, is dismissed.

### g.  Bad Faith

Plaintiff alleges in paragraphs 52 through 65 an "independent tort" of bad faith against State Farm.  The cause of action appears to be based up State Farm's handling of the insurance policy under which he was insured.  However, in New York "[t]here is no separate cause of action in tort for an insurer's bad faith failure to perform its obligations under an insurance contract." Zawahir v. Berkshire Life Ins. Co., 22 A.D.3d 841, 842 (2nd Dept., 2005)(citing Continental Cas. Co. v. Nationwide Indemn. Co., 16 AD3d 353, 354-355 (1st Dept. 2005)).  The claim does not allege any wrongdoing separate and apart from State Farm's obligations under the insurance contract, and Plaintiff's use of "familiar tort language" to support his independent tort claim (such as that State Farm's conduct was "outrageous, unconscionable . . . egregious") does not transform the breach of contract claim into an independent tort claim. See Clark-Fitzpatrick, Inc. v. Long Island R. Co., 70 N.Y.2d 382, 390 (1987) ("employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim"); Bettan v. Geico Gen. Ins. Co., 296 A.D.2d 469, 470 (2nd Dept. 2002) (use of familiar tort language, such as the insurer's delay of payment was "intentional and malicious," is not sufficient to support a claim for an alleged breach of implied covenant of good faith).  Accordingly, the independent tort of bad faith claim, 2nd Am. Compl. ¶¶ 52-65, is dismissed.

### h.  Consequential Damages

Under the heading "VII. Cause of Action (Consequential Damages)," Plaintiff seeks "consequential damages due to the intentional, well-planned corporate policy of

unreasonable delays and bad-faith intentions of State Farm which caused harm and further damages to the policy holder." 2nd Am. Compl. ¶ 69; see id. ¶¶ 66-74.  The essence of the claim is that State Farm acted in bad faith in denying coverage in this case. See id. ¶¶ 66-74.  The allegations in this cause of action are nearly identical to those underlying the claims dismissed above.  Accordingly, for the reasons discussed above, the cause of action for "Consequential Damages," 2nd Am. Compl. ¶¶ 66-74, is dismissed.

### i. Unjust Enrichment

Plaintiff also presents a claim of unjust enrichment, asserting that "[a]s a result of State Farm's deceptive, fraudulent and misleading claims handling, . . .  State Farm profited at the expense of the plaintiff through the payment of premiums for coverage and services never provided."  2nd Am. Compl., ¶ 86; see id. ¶¶ 85-87.  In New York, an unjust enrichment claim is duplicative of a breach of contract claim where the cause of action stems from the contractual relationship. See Clark-Fitzpatrick, Inc. v. Long Island R. Co., 70 N.Y.2d 382, 388 (1987) ("[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter"); Conocophillips v. 261 East Merrick Road Corp., 428 F. Supp.2d 111, 127 (E.D.N.Y.  2006)(same); see also Pilarczyk v. Morrison Knudsen Corp., 965 F. Supp. 311, 323 (N.D.N.Y 1997) (unjust enrichment is a quasi-contractual remedy unavailable where an express contract exists).  Here, the unjust enrichment claim clearly stems from the contractual relationship.  Accordingly, the unjust enrichment claim, 2nd Am. Compl. ¶¶ 85-87, is dismissed.

**j.  Amendment of Complaint**

In his opposition papers, Plaintiff requests permission to amend his complaint to add a claim pursuant to the civil Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1961 *et seq.* ("RICO").  Plaintiffs states, in wholly conclusory fashion, that he "recently discovered possible violations and efforts by State Farm to conspire with others to obstruct and oppress the plaintiff[']s rights."  Plf. Opp.,   ¶ 43.  He provides no further details to support a civil RICO claim.  Inasmuch as Plaintiff has failed to provide a proposed Third Amended Complaint as required by Local Rule 7.1(a)(4), the Court is unable to determine whether the sought -after amendment would be futile.  Accordingly, the application to file a Third Amended Complaint is denied without prejudice. Plaintiff may, if he so desires, file a proper motion to amend to add this claim but must comply with the requirements of the Federal Rules of Civil Procedure and Local Rule 7.1(a)(4). However, because Plaintiff has amended his complaint two time yet has been unable to allege facts sufficient to support the dismissed claims, those claims are dismissed with prejudice. See Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir.1991)("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."); see also Panther Partners Inc. v. Ikanos Communications, Inc., No. 08-3398-cv, 2009 WL 2959883 at *4 (2d Cir. Sep.17, 2009) ("Granting leave to amend [would be] futile if it appears that plaintiff cannot address the deficiencies identified by the court and allege facts sufficient to support the claim.") (unpublished; citation omitted).

12

## IV.  CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss portions of

Plaintiff's Second Amended Complaint, dkt. # 44, is **GRANTED**, and the following portions

of the Second Amended Complaint are **DISMISSED**:

- the breach of the covenant of good faith and fair dealing claim, 2nd Am. Compl. ¶¶

34-38;

-the demands for punitive damages contained at ¶¶ 41, 75-84, & 88 of the 2nd Am.

Compl;

-the corporate malfeasance/tortious interference claim, 2nd Am. Compl. ¶¶ 42-44;

-the New York Insurance Law § 2601 claim, 2nd Am. Compl. ¶¶ 47-48;

-the New York General Business Law § 349 claim, 2nd Am. Compl. ¶¶ 49-50;

-the fraud/misrepresentation of business records claim, 2nd Am. Compl. ¶ 51;

-the independent tort of bad faith claim, 2nd Am. Compl. ¶¶ 52-65;

-the independent claim for consequential damages, 2nd Am. Compl. ¶¶ 66-74; and

- the unjust enrichment claim, 2nd Am. Compl. ¶¶ 85-87.

Plaintiff's application to amend his complaint to add a civil RICO claim is denied

without prejudice to making a proper motion under the Federal Rules of Civil Procedure

and Local Rule 7.1(a)(4) to add this claim.

Plaintiff is reminded that his claims against Toyota Motor Corp. and Toyota Sales,

U.S.A., Inc. have been severed from this action and transferred to the Central District of

California by the United States Judicial Panel on Multidistrict Litigation. See 04/26/11

JPMDL Order, dkt. # 26.  Consequently, those claims are not before this Court and any

13

amendment of those claims must be made before the United States Judicial Panel on

Multidistrict Litigation assigned to Plaintiff's case.

**IT IS SO ORDERED**

**Dated:** October 17, 2011

Thomas J. McAvoy
Senior, U.S. District Judge